IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION


CAROLYN PORTERFIELD,                          :
                                              :
        Plaintiff,                            :
                                              :
vs.                                           :    Civil Action No.
                                              :    **3:06-CV-87 (CDL)**
MICHAEL J. ASTRUE[1]                           :
Commissioner of Social Security,              :
                                              :
        Defendant.                            :
_____      :

## RECOMMENDATION

The plaintiff herein filed an application for Supplemental Security Income benefits on August

13, 2002.  The applications were denied initially and upon reconsideration; plaintiff requested a

hearing before an Administrative Law Judge, which was held on October 13, 2004.  On June 24,

2005, the ALJ denied plaintiff's claim.  The Appeals Council affirmed the ALJ's decision,

making it the final decision of the Commissioner.   The plaintiff subsequently filed an appeal to

this court.  Jurisdiction arises under 42 U.S.C. § 405(g).  All administrative remedies have been

exhausted.

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether

the Commissioner's decision is supported by substantial evidence and whether the

_____

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security
and should, therefore, be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this
action. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

Commissioner applied the correct legal standards to the evidence. <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991); <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." <u>Bloodsworth</u>, 703 F.2d at 1239. "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." <u>Cornelius</u>, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits. The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims: (1) whether the claimant is engaged in gainful employment; (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months; (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1; (4) whether the impairments prevent claimant from returning to his previous work; and (5) whether claimant is disabled in light of age, education, and residual functional capacity. <u>Ambers v. Heckler</u>, 736 F.2d 1467, 1470-71 (11th Cir.1984).

Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience. 20 C.F.R. § 404.1520(d).

The ALJ determined that plaintiff had "severe" impairments consisting of back (particularly lumbar) and extremity pain; depressed mood; and borderline intellectual capacity, but that she could perform her past relevant work as laundry folder, security guard, and cashier in a fast food restaurant, and was therefore not disabled.

Plaintiff asserts that the ALJ committed reversible error by failing to address the report of consultative psychologist Dr. Payne, who examined plaintiff in November of 2002. Dr. Payne stated that plaintiff

> has not worked since 1994 when she worked at Burger King. She injured her back and could not continue. She has a depressive disorder and a pain disorder due to psychological factors and a general medical condition. She is also in the borderline range of intellectual functioning. Her prognosis would be guarded. She is able to understand and carry out simple instructions. She is unable to understand and carry out complex instructions. Her ability to get along with the public, supervisors, and co-workers is intact. Her ability to follow work routines and complete production expectations is impaired. Her concentration is impaired. She would become more depressed under stressful conditions. She is able to manage her benefits.

(Tr. 248).

Plaintiff contends that the ALJ did not discuss the evaluation completed by Dr. Payne in the hearing decision. A review of the hearing decision reveals that the ALJ noted a confirmation that plaintiff was functioning in the borderline range of intelligence (Tr. 18), but did not specifically identify the examination or the limitations found by Dr. Payne.

The Commissioner acknowledges that the ALJ did not specifically evaluate the functional

limitations found by Dr. Payne, and did not incorporate them in his residual functional capacity finding or in the hypothetical question posed to the vocational expert. However, the Commissioner argues that this failure was harmless error, as the limitations expressed by Dr. Payne do not necessarily conflict with the ALJ's finding that plaintiff could perform her past unskilled work.

Plaintiff contends that the limitations expressed by Dr. Payne regarding plaintiff's concentration and ability to follow work routines would have a "substantial impact" on her ability to perform work on a full time basis. While plaintiff has received medication for her depression from her primary care doctors, Dr. Payne's was the *only* complete psychological evaluation in the record.

Consequently, it cannot be said that the failure to address the only complete psychological evaluation in the record, and one performed at the request of the Commissioner, was harmless error. Upon remand, the ALJ should consider the findings of Dr. Payne and obtain additional information if necessary to adequately evaluate the impact plaintiff's depressive mood and the limitations found by Dr. Payne on plaintiff's ability to perform work on a full-time basis.

Inasmuch as the Commissioner's final decision in this matter is not supported by substantial evidence, it is the RECOMMENDATION of the undersigned that the Commissioner's decision be **REMANDED** pursuant to Sentence Four of § 405 (g) for further consideration in light of this opinion. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 21st day of January, 2008.


//S Richard L. Hodge
RICHARD L. HODGE
msd                                    UNITED STATES MAGISTRATE JUDGE